STATE of Minnesota, Appellant,

v.

Gerrel MARTIN, Respondent.

No. 47120.

Supreme Court of Minnesota.

April 29, 1977.

Arvid L. Wendland, County Atty., Blue Earth, for appellant.

James H. Manahan, Mankato, for respondent.

PER CURIAM.

This is an appeal by the state from a pretrial order of the district court suppress-

ing evidence and dismissing the prosecution of defendant on drug possession charges.[1] The decisive issue is whether the police violated defendant's Fourth Amendment rights in obtaining the evidence in question. Concluding that they did, we affirm the order of the district court.

After making a number of controlled drug purchases through an informer at a mobile home in Winnebago, Minnesota, the Faribault County sheriff obtained a warrant authorizing the search of that home, a number of people, and automobiles belonging to those people. While officers were executing this warrant at the mobile home, defendant and an unidentified woman, neither of whom was named in the warrant, appeared on the scene in one of the named automobiles. Almost immediately after they started searching the automobile, the officers found a small amount of marijuana and arrested defendant for possession of it, a petty misdemeanor under Minn.St. 152.15, subd. 1(5). A full search of defendant's person incident to that arrest resulted in the discovery of some methamphetamines, which was the basis of one of the two felony charges filed against defendant pursuant to Minn.St. 152.09, subd. 1. The other felony charge was based upon the discovery of a larger amount of marijuana in a suitcase in the trunk of the automobile.

The police did not claim that they had probable cause to believe that defendant had drugs on his person, and, therefore, that issue does not enter into our decision. Similarly, defendant did not claim that the police did not have probable cause to believe that the small amount of marijuana found in the automobile was his, and that issue, likewise, does not enter into our decision. Defendant's only contention is that the police simply were not justified in making a custodial arrest and subjecting him to an incidental search.

We start with the proposition that if it was proper to make a custodial arrest of defendant, then the search of defendant's person was clearly proper under the rules announced several years ago by the United States Supreme Court in *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), and *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). In those cases the court, in 6-to-3 decisions, announced that the authority to search a person incident to a lawful custodial arrest does not require any justification in addition to that required for the arrest. In other words, in all cases of lawful custodial arrests, the police may fully search the person incident to the arrest.

Unanswered by these cases is the question of when is a custodial arrest proper so as to call for a full incidental search. In his concurring opinion in the *Gustafson* case, Mr. Justice Stewart expressed doubt about the constitutional validity of a full custodial arrest in a case of a minor traffic violation for which a jail sentence is not authorized. 414 U.S. 266, 94 S.Ct. 492, 38 L.Ed.2d 462. Mr. Justice Powell in his concurring opinion in *Robinson* seems to have expressed similar sentiments. 414 U.S. 238, note 2, 94 S.Ct. 494, 38 L.Ed.2d 442. Although in *Gustafson* the defendant was arrested for a minor traffic offense, the issue of the validity of that arrest was not reached because the defendant conceded the validity of the arrest.

We do not reach the issue of the constitutional validity of subjecting a defendant to a full custodial arrest for a minor offense for which a jail sentence is not authorized because Rule 6.01, subd. 1(1)(a), Rules of Criminal Procedure, which deals with the use of citations by an arresting officer acting without a warrant, specifically provides that for misdemeanors not punishable by incarceration, a citation *must* be issued if the accused signs the citation agreeing to appear unless it is reasonably apparent to the officer that arrest or detention is necessary to prevent injury to the accused or to third parties, to prevent further criminal acts, or if it is likely that the accused will

---

1. Defendant has filed a cross-appeal under Rule 29.03, subd. 3, Rules of Criminal Procedure. Because of our decision affirming the dismissal, we do not reach the issues raised by defendant on his cross-appeal.

fail to respond to the citation. In other words, under the rules, an officer ordinarily may not arrest a person without a warrant for a petty misdemeanor.[2] Therefore, the arrest of defendant for the petty misdemeanor offense of possessing a small amount of marijuana was illegal.

For the state, however, this does not end the matter. It argues that even if a citation had been issued, the search would have been proper because Rule 6.01, subd. 4, Rules of Criminal Procedure, states that "[t]he issuance of a citation does not affect a law enforcement officer's authority to conduct an otherwise lawful search." We disagree. What Rule 6.01, subd. 4, arguably seeks to do is to extend the *Robinson-Gustafson* rule to situations where the police normally would have authority to subject the defendant to a custodial arrest but, exercising their discretion, issue a citation instead. Whether the officer in such a situation can issue a citation and still conduct a full search of the person without any independent justification for it is a matter we do not decide because the issue is not presented. This is a case where the officer had no discretion to subject defendant to a custodial arrest for a petty misdemeanor and, therefore, the *Robinson-Gustafson* rule clearly does not justify the search.

In summary, we hold that the arrest was improper and that the search was not justified as an incident to the arrest. As we stated earlier, no independent justification was advanced for the search and, therefore, we do not need to decide whether there was any.

 The only other issue raised by the state's appeal is whether the court erred in dismissing the charge relating to the marijuana found in the trunk. The state on appeal has not cited any evidence suggesting constructive possession of this marijuana by defendant and the record below contains none. Therefore, we can only conclude that the court acted properly.

Respondent is allowed $350 attorneys fees.

Affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.

2. See, also, Rule 3.01, Rules of Criminal Procedure, which provides in part: "When the offense is punishable by fine only, in misdemeanor cases, a summons shall be issued in lieu of a warrant."