**STATE of Minnesota, Respondent,**

v.

**Dean L. EVANS, Appellant.**

**No. C8–85–220.**

Court of Appeals of Minnesota.

Sept. 10, 1985.

Review Denied Nov. 1, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals his conviction for possession of marijuana with intent to distribute under Minn.Stat. §§ 152.09, subd. 1, 152.02, subd. 2, 152.15, subd. 1(2). Appellant claims (1) there was not probable cause to search him and (2) there was no basis for the police to conduct a protective frisk. We reverse.

## FACTS

In the early evening of June 19, 1984, St. Paul police officers Steven Jabs and Lynn Wild were driving through Phalen Park in their marked police car. The officers were patrolling the park to curtail beer drinking and the sale and use of narcotics. The officers observed four persons passing what they believed to be a marijuana cigarette. The squad car was about 100 to 150 feet from the group and it was daylight.

When the police were observed, the person who was holding the cigarette dropped it on the ground. When the officers approached, they retrieved the cigarette, which smelled like marijuana. When asked for identification, three of the four persons, including appellant, furnished identification. At that point, the officers decided they "would routinely pat down all four

parties to see if there was any weapons or controlled substances that would be visible to us." Officer Jabs found two baggies of marijuana inside appellant's coat pocket. Appellant was then arrested for possession of marijuana with intent to distribute.

An omnibus hearing was held on September 10, 1984. Appellant's motion to suppress the seized evidence as the product of an illegal search was denied. Appellant then waived his right to a trial and the matter was submitted to the trial court on the basis of police reports and testimony at the omnibus hearing. The trial court found appellant guilty of possession of marijuana with intent to distribute.

## ISSUES

1. Did the police have probable cause to search appellant for more drugs?

2. Did the police have reasonable grounds to conduct a protective weapons search?

## ANALYSIS

■ 1. In *State v. Martin*, 253 N.W.2d 404 (Minn.1977), the Minnesota Supreme Court held a person possessing a small amount of marijuana may not be arrested and that a search of that person may not be justified as a search incident to arrest. Minn.R.Crim.P. 6.01 requires citation if accused signs citation agreeing to appear unless it is reasonably apparent to the officer that arrest or detention is necessary to prevent injury to accused or to third parties, to prevent further criminal acts, or if it is likely the accused will fail to respond to citation. *Id.* at 405–06. Therefore, the search in this matter must have been supported by probable cause to believe appellant possessed more marijuana or justified as a protective weapons search.

■ 2. Appellant claims the police did not have probable cause to believe he possessed more drugs. The State claims the smoking of a marijuana cigarette in a park known for drug-related activities provided probable cause for the search. The test for probable cause is whether the objective facts are such that under the circumstances a person of ordinary care and prudence would entertain an honest and strong suspicion that a crime had been committed. *See State v. Johnson*, 314 N.W.2d 229, 230 (Minn.1982). Probable cause is something more than a mere suspicion and something less than evidence that would sustain a conviction. *See State v. Liggons*, 348 N.W.2d 785, 788 (Minn.Ct.App.1984). Mere suspicion is insufficient. *See State v. Lohnes*, 344 N.W.2d 605, 612 (Minn.1984).

■ The police officers in this matter did not describe objective facts that would lead a reasonable person to conclude appellant was selling drugs. Appellant was one of four persons passing a single marijuana cigarette. These circumstances did not give rise to a reasonable belief that any of the persons actually possessed a quantity of marijuana greater than a petty misdemeanor violation. The officers had a suspicion, which hindsight shows was correct; the officers did not have probable cause to believe appellant possessed a large quantity of marijuana.

■ 3. Appellant also claims the officers' search cannot be justified as a protective weapons frisk.

*Terry v. Ohio* provides that a police officer can lawfully make a forcible investigative stop of an individual and frisk him for weapons on less than traditional probable cause if he is "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." 392 U.S. at 21, 88 S.Ct. at 1880. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* at 27, 88 S.Ct. at 1883.

*State v. Gilchrist*, 299 N.W.2d 913, 916 (Minn.1980). *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The *Terry* court also noted:

And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion

or "hunch," but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.

*Id.* at 27, 88 S.Ct. at 1883.

 The State does not point to any objective circumstances that would permit the search in this matter. The four youths in this matter were cooperative when approached by the two officers. There were no actions that would indicate any of the four persons might be armed. The search was conducted in a public park in broad daylight. The only justification found in the record is that the officers decided to conduct a "routine" frisk. The officers did not have specific and articulable facts justifying a protective weapons search of appellant.

## DECISION

The passing of a single marijuana cigarette between four persons in a public park did not create probable cause to believe appellant was guilty of anything other than a petty misdemeanor. The officers did not have any reason to fear for their safety and could not properly conduct a protective weapons search of appellant.

Reversed.