**STATE of Minnesota, Respondent,**

v.

**Scott William NACE, Appellant.**

No. C9–86–1323.

Court of Appeals of Minnesota.

April 21, 1987.

Review Denied June 25, 1987.

C. Paul Jones, Public Defender, Bradford Colbert, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis Co. Atty., Duluth, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant was charged and found guilty of possession of a controlled substance (LSD) under Minn.Stat. §§ 152.09, subd. 1(2) (1984); 152.02, subd. 2(3) (1984); 152.-15, subd. 2(2) (1984); and of possession of marijuana in a motor vehicle under Minn. Stat. § 152.15, subd. 2(5) (1984). At the omnibus hearing appellant challenged admissibility of marijuana and LSD seized during a warrantless search of his car, claiming the officers lacked probable cause

to search the car. The court found the evidence admissible.

The judge sentenced appellant to 28 months in prison, based on his criminal history score of 7 on the severity level III offense. Nace appeals, claiming the search of his car and seizure of evidence found therein was in violation of his fourth amendment right to be free from unreasonable searches and seizures. He also argues that he was deprived of his right to counsel when the court denied him his choice of public defender.

## FACTS

On October 29, 1985, at approximately 10:30 p.m., Officers Schlitz and Campbell were on a routine patrol of the Duluth Holiday Inn parking ramp when they noticed someone sitting in a gold Plymouth Duster. The officers were patroling because a number of "car prowls" had been reported in the ramp. The Duster was apparently the only car parked at that lot level. As the officers approached the Duster, they recognized the occupant, Scott Nace, appellant in this action, from a prior incident. They noticed appellant making hurried movements in the car as they approached.

The officers got out of their squad and approached appellant on foot. According to Officer Campbell's testimony, appellant met them half way. Officer Campbell asked appellant what he was doing. Appellant said he was rolling a joint of marijuana. Officer Schlitz walked to the passenger's side of the Duster and shined his flashlight in the window. Schlitz saw a Tupperware bowl containing what looked like marijuana and rolling papers. Schlitz opened the car door, and seized the bowl and its contents.

The officers placed appellant in the back seat of their squad car and called in a third officer, Officer McKenna. Schlitz and Campbell were unable to determine whether the marijuana in the bowl amounted to a felony, Minn.Stat. § 152.15, subd. 2(2), or a petty misdemeanor (less than 1.5 ounces), Minn.Stat. § 152.01, subd. 16 (1984), and they wanted McKenna's assistance.

McKenna was unable to make that determination on the scene, and directed the officers to bring appellant and the marijuana to the police station. They locked appellant's car and took possession of the keys.

When McKenna weighed the marijuana, he determined the amount, 0.4 ounces, constituted a petty misdemeanor. McKenna decided to return to the lot and search appellant's car. This decision was based on information received at the station earlier that day from a confidential informant, that a male named "Shorty," who drove a Duster, was selling marijuana. The information stated that "Shorty" stored marijuana in the lower driver's side vent of the car. The officers knew from prior contact with appellant that his nickname was "Shorty."

McKenna testified at the omnibus hearing that he did not search appellant's vehicle when he first arrived at the ramp because he did not remember the confidential information until the officers brought appellant to the police station.

The officers and appellant returned to appellant's car, and Officer McKenna unlocked it. He reached into the driver's side door, opened the floor vent, and removed a small Tupperware container and a Marlboro cigarette box. The Tupperware bowl contained LSD and the Marlboro package contained marijuana. Appellant told McKenna the LSD belonged to a friend, but he would not identify the friend, and he admitted the marijuana in the Marlboro package was his. McKenna took custody of the items.

Appellant was not arrested that evening and was allowed to leave. The judge at the omnibus hearing found appellant's statements and the evidence seized were admissible at trial. In findings made after the omnibus hearing, the trial court found the search of the vehicle was justified by exigent circumstances and the mobility of the vehicle, and allowed the drugs into evidence at appellant's trial. The jury found appellant guilty of possessing LSD and marijuana, and the judge sentenced him to 28 months, the presumptive guidelines sen-

tence for a severity level III offense on a criminal history score of 7. Nace appeals.

## ISSUES

1. Was the warrantless search of appellant's vehicle justified by probable cause?

2. Was appellant denied his sixth amendment rights when the court refused to appoint the counsel of appellant's choice?

## ANALYSIS

### I.

*Probable cause*

Appellant argues the search of his car violated the fourth amendment because the officers lacked probable cause to search and because no exigent circumstances existed to justify a warrantless search.

■ Appellant argues the search of his car was unreasonable because the officers did not have probable cause to stop him. Appellant voluntarily left his car and approached the officers. Appellant offered the information that he was smoking marijuana. This was not a "stop," and there was no need to justify the initial approach of appellant. *State v. McKenzie,* 392 N.W.2d 345, 346–47 (Minn.Ct.App.1986).

Appellant claims information received by the Duluth police concerning the possible presence of additional drugs in his Duster, appellant's statement that he was rolling a "smoke," and the Tupperware bowl containing rolling papers and marijuana provided insufficient probable cause to justify the warrantless search of the floor vent of his car. We do not agree.

■ A warrantless search of an automobile may be conducted when the police have probable cause. *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970), *reh'g denied,* 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94 (1969); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Probable cause

exists where, in the totality of the circumstances, the officer:

conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested.

*State v. Lohnes,* 344 N.W.2d 605, 612 (Minn.1984), quoting *State v. Sorenson,* 270 Minn. 186, 196, 134 N.W.2d 115, 123 (1965). Mere suspicion is insufficient. *Lohnes,* 344 N.W.2d at 612. We hold that appellant's admission he was smoking marijuana, the Tupperware bowl containing rolling papers and marijuana, together with the confidential information were sufficient to support the warrantless search.

Appellant relies on *State v. Evans,* 373 N.W.2d 836 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Nov. 1, 1985), to support his argument that these facts do not give rise to probable cause. Appellant was one of four persons passing a single marijuana cigarette. The court stated:

These circumstances did not give rise to a reasonable belief that any of the persons actually possessed a quantity of marijuana greater than a petty misdemeanor violation.

*Id.* at 838. *Evans* is distinguishable. *Evans* involved the search of a person, not a vehicle, and thus higher standards to justify warrantless search applied. The amount of marijuana observed in *Evans,* just one cigarette, was a petty misdemeanor amount from the start.[1] Here the officers were of the initial opinion they might be dealing with a felony amount.

■ Appellant argues this court should ignore the information received by the police because the State offered no testimony concerning the basis of the bulletin. The information came to the department's special investigation unit from a confidential informant. The information was properly considered. Failure to set forth the basis for confidential information is not necessarily fatal. *State v. Munoz,* 385 N.W.2d 373,

---

1. The appellate court, in *Evans,* cited with approval, *State v. Martin,* 253 N.W.2d 404 (Minn. 1977). In *Martin,* the supreme court held that a full custodial arrest merely for the petty misdemeanor offense of possession of a small amount of marijuana was illegal, and thus a search of that person's body was not justified as incident to that arrest.

376 (Minn.Ct.App.1986). We view the information in the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 2328–29, 76 L.Ed.2d 527 (1983), *reh'g denied,* 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983); *Munoz,* 385 N.W.2d at 376.

Under the automobile exception to the requirement of a search warrant, probable cause existed to justify a warrantless search of appellant's car. Appellant relies heavily on his argument that no "exigent" circumstances justified the warrantless search of his car. We note that recent supreme court cases dealing with car searches have shifted away from exigent circumstances analysis to reasonable expectation of privacy analysis.

In *California v. Carney,* 471 U.S. 386, 105 S.Ct. 2066, 2069, 85 L.Ed.2d 406 (1985), the supreme court found that mobility and exigent circumstances are not the only basis for the automobile exception to the requirement of a search warrant:

> Even in cases where an automobile was not immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle justified application of the vehicular exception.

*Id.* The court previously found a lower expectation of privacy because the passenger compartment of a car is open to plain view. *Id.* Even where "closed repository" areas are involved, lesser expectations of privacy warrant applying the automobile exception. *Id.* This exception has been held to apply to a locked trunk. *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). It has been applied to a sealed package found in a trunk. *U.S. v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). It has been applied to a closed compartment under a dashboard in *Chambers,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. In *Carney,* the court stated:

> These reduced expectations of privacy derive not from the fact that the area to be searched is in plain view, but from the pervasive regulation of vehicles capable of traveling on the public highways.

*Carney,* 471 U.S. at 392, 105 S.Ct. at 2069.

In *Ross,* the supreme court noted:

> [A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband. Certainly the privacy interests in a car's trunk or glove compartment may be no less than those in a movable container.

*Ross,* 456 U.S. at 823, 102 S.Ct. at 2172.

The scope of a warrantless search is the same as the scope of a search authorized by a warrant. *Id.* The scope is not defined by the nature of the container in which the contraband is hidden, it is defined "by the object of the search and the places where there is probable cause to believe that it may be found." *Id.* at 824, 102 S.Ct. at 2172.

Searching the floor vent of appellant's car was a minimal intrusion, similar to searching a closed compartment under the dashboard, as in *Chambers,* or a sealed package in a trunk, as in *Ross.*

## II.

### Right to Counsel

Appellant argues that his sixth amendment right to counsel was violated when the court refused to appoint a public defender of his choice. The counsel appointed by the court previously had represented appellant in a case where appellant was found guilty. Because of this previous case, appellant did not want the same attorney to represent him again, and claimed he no longer trusted him.

The court contacted Indian Legal Aid and asked them to represent appellant. Indian Legal Aid was unable to provide counsel. Appellant attempted to represent himself, and attempted to obtain private counsel, but could not. Appellant requested another attorney from the public defender's office, but the court refused to appoint another attorney. The public defender's office has a reasonable rule that it does not exchange counsel merely because a party is unhappy with the counsel appointed.

Appellant cites numerous sixth amendment cases on right to counsel. We

agree that he has a right to counsel, but the law is clear that indigents have the right to a court appointed attorney, not a court appointed attorney of their choice. Appellant concedes that an indigent defendant must generally accept his court appointed counsel. We do not find that appellant's disappointment over the results in the previous case carves out an exception to the general rule. Appellant's court appointed counsel was experienced and competent. His having been involved in a case where a jury returned a guilty verdict, standing alone, does nothing to affect competency. A search of the record indicates that appellant's sixth amendment rights were vindicated.

## DECISION

The warrantless search of appellant's car was proper. Appellant was not denied his right to counsel when the court refused to appoint a public defender of his choice.

Affirmed.