STATE of Minnesota, Respondent,

v.

Hal W. HANSON, Appellant.

No. C1–92–286.

Court of Appeals of Minnesota.

Aug. 25, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin Co. Atty., Linda M. Freyer, Asst. Co. Atty., Minneapolis, for respondent.

Faison T. Sessoms, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and KALITOWSKI and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Hal W. Hanson appeals from his conviction of fifth degree controlled substance crime, Minn.Stat. § 152.025, subd, 2(1) (1990), challenging the validity of the search. We affirm.

## FACTS

On June 20, 1991, two police officers observed appellant Hal Hanson and a passenger sitting in a parked car outside a restaurant and bar. The officers suspected Hanson was preparing to use drugs because he "appeared to be occupied with something in his lap and his head was bowed forward." The officers then saw flashes of light in the car as if the occupants of the car were lighting a cigarette or a pipe.

When the officers approached the car, one officer saw Hanson holding a small container. As the officer opened the driver's door, he smelled burnt marijuana and saw Hanson place the box under the driver seat. After Hanson got out of the car, the officer retrieved the box containing a "small amount" of marijuana and placed Hanson and the passenger under arrest. During the subsequent search, four units of lysergic acid diethylamide (LSD) fell from Hanson's wallet. The officer then arrested Hanson for possession of a controlled substance and arrested the passenger for possession of drug paraphernalia.

Hanson moved to suppress the evidence, claiming no probable cause existed to support the search of the car or his person. The trial court denied the motion and found Hanson guilty of fifth degree controlled substance crime, Minn.Stat. § 152.025, subd. 2(1) (1990), based upon stipulated facts. The trial court sentenced Hanson to a term of one year and one day, but stayed execution of the sentence, placing Hanson on probation. Hanson appeals.

## ISSUE

Did the police officers make an illegal custodial arrest?

## ANALYSIS

In reviewing a Fourth Amendment challenge where the facts are not disputed, we independently analyze the facts to determine whether the police action was justified as a matter of law. *State v. Storvick*, 428 N.W.2d 55, 58 n. 1 (Minn.1988). Hanson contends the LSD should be suppressed because the police did not have a legal basis for a custodial arrest. We disagree.

Where a custodial arrest is proper, police are authorized to search the suspect incident to the arrest. *State v. Martin*, 253 N.W.2d 404, 405 (Minn.1977) (citing *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) and *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973)). Hanson argues he committed a petty misdemeanor in possessing not more than 1.4 grams of marijuana in a motor vehicle, and that under these circumstances the police were not authorized to place him under custodial arrest. *See* Minn.Stat. § 152.027, subd. 3 (1990) (offense requires possession of over 1.4 grams of marijuana). Commission of a petty misdemeanor, such as the possession of a marijuana cigarette, does not ordinarily justify a custodial arrest. *Martin*, 253 N.W.2d at 406; Minn.R.Crim.P. 6.01, subd. 1(1)(a). The stipulated facts show that the officers found a "small amount" of marijuana without reference to the quantity. There is no indication that the officers could reasonably estimate its amount. On these facts, the officers properly arrested Hanson for possession of an unascertained amount of marijuana. *See State v. Johnson*, 314 N.W.2d 229, 231 (Minn.1982) (drugs found in search incident to arrest held admissible where police had to estimate knife length "on the spot" and knife length later proved not to violate ordinance).

We conclude the custodial arrest was proper, and therefore the trial court did not

err in admitting the LSD found during a search incident to arrest.

## DECISION

The trial court did not err in admitting evidence seized during a search incident to arrest where police could not reasonably ascertain whether Hanson possessed a petty misdemeanor amount of marijuana.