*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2160**

State of Minnesota,
Respondent,

vs.

Joseph James Ossell,
Appellant.

**Filed September 8, 2015
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27CR1328201

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Stephen V. Grigsby, Minneapolis, Minnesota (for appellant)

        Considered and decided by Reyes, Presiding Judge; Rodenberg, Judge; and

Larkin, Judge.

### U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

        Appellant Joseph James Ossell challenges his conviction of fifth-degree

possession of a controlled substance, arguing that his arrest was not supported by

probable cause and therefore the evidence seized pursuant to the search incident to arrest should have been suppressed.  We affirm.

## FACTS

In August 2013, Minneapolis police officers David Campbell and Joshua Otto were on patrol when they observed a pickup truck exit a parking lot at 6th Street and Central Avenue.  The truck had a license plate affixed to its rear window instead of the rear bumper.  It also had multiple items in the back, including an air conditioner, which led Officer Campbell to believe that the occupants of the vehicle were "scrappers."  Based on these observations, the officers conducted a traffic stop.

Officer Campbell approached the driver's side of the vehicle and asked the driver for his license and proof of insurance.  Officer Campbell observed that the driver appeared nervous and that his eyes were bloodshot.  The officer also smelled a faint odor of marijuana.  The driver provided the officer with his driver's license but indicated that he did not have his insurance.  The driver was identified as appellant.

At that time, Officer Campbell noticed wires sticking out from the steering wheel column and a radio sitting on the seat that appeared as though it had just been removed from the dashboard of the vehicle.  He also observed a license plate on the vehicle floor that had a different number than the license plate affixed to the rear window.  Officer Campbell suspected that "the vehicle might possibly be a fresh stolen or a plate switch due to the plate . . . laying on the floor of the truck."  The officers decided to get appellant out of the vehicle so that they could investigate further.

Officer Campbell frisked appellant for weapons and felt an object in appellant's upper right pants pocket area. The officer "squeeze[d] th[e] object back and forth between [his] forefinger and thumb" and felt a "crunchy-like" feeling. Based on his 20 years of experience, Officer Campbell believed that the object contained crack cocaine or methamphetamine, and he asked appellant if he could search appellant's pocket. Appellant said no. At that time, Officer Campbell handcuffed appellant, searched his pocket, and discovered a small paper package that contained methamphetamine. The officers told appellant that he was under arrest for possession of narcotics. Appellant was charged with fifth-degree possession of a controlled substance in violation of Minn. Stat. § 152.025, subd. 2(a)(1) (2012).

On January 15, 2014, appellant filed a motion to suppress the evidence resulting from the search, arguing that (1) the stop and frisk was invalid and (2) the frisk went beyond the "plain feel" exception. The parties agreed to the submission of the police reports as the stipulated record. The district court issued an order denying appellant's motion to suppress. The district court concluded that the officers conducted a lawful stop of the vehicle and a lawful search of appellant incident to arrest. The district court noted that although it was "unclear" in the police reports as to why the officers arrested appellant, the totality of the circumstances supported a finding of probable cause to arrest appellant for suspicion of automobile theft.

Appellant waived his right to a jury trial and agreed to proceed to a court trial on stipulated facts pursuant to Minn. R. Crim. P. 26.01, subd. 3. The district court issued its order finding appellant guilty of the charged offense. Appellant was sentenced to one

year and one day, with all but 180-days stayed for a period of three years of supervised probation.  This appeal followed.

## D E C I S I O N

Appellant argues that the officers did not have probable cause to arrest appellant for possession of a stolen vehicle.[1]  We disagree.

When reviewing a district court's pretrial order on a motion to suppress evidence, "we review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." *State v. Jordan*, 742 N.W.2d 149, 152 (Minn. 2007).  A finding of fact is clearly erroneous if, after reviewing the record, this court "reaches the firm conviction that a mistake was made." *State v. Kvam*, 336 N.W.2d 525, 529 (Minn. 1983).  "When this court reviews a trial court's order following an omnibus hearing, determinations of reasonable suspicion and probable cause as they relate to searches and seizures 'should be reviewed de novo on appeal.'" *State v. Lemieux*, 726 N.W.2d 783, 787 (Minn. 2007) (quoting *State v. Lee*, 585 N.W.2d 378, 382-83 (Minn. 1998))

"The question of the legality of the arrest turns not on the reasonableness or practicality of obtaining a warrant, but on the reasonableness of the arrest." *State v. Riley*, 568 N.W.2d 518, 523 (Minn. 1997).  "We have held that 'reasonable cause' here and the 'probable cause' required by the Fourth Amendment are synonymous." *State v. Sorenson*, 270 Minn. 186, 196, 134 N.W.2d 115, 122 (1965).  Probable cause exists when

---

[1] On appeal, appellant does not challenge the district court's determination that the initial stop of the vehicle was lawful.

a "person of ordinary care and prudence, viewing the totality of circumstances objectively, would entertain an honest and strong suspicion that a specific individual has committed a crime." *State v. Ortega*, 770 N.W.2d 145, 150 (Minn. 2009) (emphasis omitted). "Probable cause is something more than a mere suspicion and something less than evidence that would sustain a conviction." *State v. Evans,* 373 N.W.2d 836, 838 (Minn. App. 1985), *review denied* (Minn. Nov. 1, 1985).

A review of the totality of the circumstances supports the conclusion that the officers had an "honest and strong suspicion" that appellant was in possession of a stolen vehicle. *See Ortega*, 770 N.W.2d at 150. First, the officers observed that there was a license plate in the back window, rather than on the back bumper where license plates are typically affixed. Second, once the officers approached the vehicle, they noticed wires sticking out from the vehicle's steering column and a radio that looked as though it had been removed recently from the dashboard. Third, there was an additional license plate on the floor of the vehicle that bore a different number than the plate affixed to the back window. Finally, appellant admitted that he did not have insurance on the vehicle. As noted in his report, based on his experience, Officer Campbell believed that appellant was in possession of a recently stolen vehicle. For these reasons, we conclude that the officers had probable cause to arrest appellant.

Because the arrest was supported by probable cause, the subsequent search of appellant was valid as a search incident to arrest. *See State v. Walker*, 584 N.W.2d 763, 766 (Minn. 1998) ("If an arrest is valid, police may conduct, without a warrant, a full search of the person of the arrestee as an incident of the arrest without any additional

5

justification.").  Accordingly, the district court did not err in denying appellant's motion to suppress the evidence.

**Affirmed.**