STATE of Minnesota, Respondent,

v.

Joseph John CHARLEY, Appellant.

No. 48467.

Supreme Court of Minnesota.

Feb. 16, 1979.

On Rehearing May 31, 1979.

### ORDER

**518**

Thomson & Nordby, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., William Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Heard before ROGOSHESKE, YETKA, and STONE, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Defendant, who waived a jury trial and by stipulation in effect admitted the gross misdemeanor offense of possession of a handgun without a permit, Minn. St. 624.-714, subd. 1, was found guilty of the offense by the trial court and sentenced to a 1-year workhouse term, with part of the term suspended. The sole issue on this appeal from judgment of conviction is whether the district court erred at the omnibus hearing in denying a motion to suppress the gun in question on Fourth Amendment grounds. We affirm, holding that the warrantless search which resulted in the discovery and seizure of the gun was valid under the so-called "automobile exception" to the warrant requirement.

While on routine patrol at 9 p. m. on July 20, 1977, the arresting officer observed defendant, who was alone in his car, exchange something with a teenager in a parking lot in Cherokee Park in St. Paul. He also saw the teenager put something in his pocket and defendant put something in his wallet. Because of prior troubles with the use of liquor and drugs by some of the many teenagers who frequented this parking lot, the officer's suspicions were aroused by this observation, and he accordingly decided to follow defendant's car. After observing the car weaving erratically, the officer signaled defendant to stop. The officer observed that as defendant stopped his car and prepared to get out, he made a furtive movement, as if putting something under the seat. When defendant got out of the car, he had difficulty walking and his speech was slurred, but he did not smell of alcohol. Asked if he had been drinking, defendant said no but added that he was taking a muscle relaxant which a doctor had prescribed for his bad back. The officer concluded that defendant's erratic driving was caused by his being under the influence of something but that it was something other than alcohol. The officer then looked through the window into the car and saw that a paper bag was protruding from under the driver's seat. Believing that defendant was under the influence of some drug and believing, in view of everything that had occurred, that the bag might contain drugs, the officer opened the door and reached under the seat behind the bag in order to push the bag out. While doing this he discovered the gun which defendant was later charged with illegally possessing.

The district court denied defendant's motion to suppress this gun on Fourth Amendment grounds, holding that the search was proper under the automobile exception to the warrant requirement. As we indicated, we agree with this holding.

 This exception generally permits a warrantless search of a motor vehicle whenever the police have probable cause to believe that a crime has been committed and probable cause to believe that there is evidence of the crime in the vehicle. The exception, which is often referred to as the "Carroll doctrine," is justified by the combination of probable cause to search with the exigency created by the fact that the vehicle is readily movable and that any delay to obtain a warrant might result in removal of the vehicle. Also underlying the doctrine is the notion that there is a lesser expectation of privacy surrounding the automobile. Key cases dealing with this doctrine include: *Texas v. White*, 423 U.S. 67, 96 S.Ct.

304, 46 L.Ed.2d 209 (1975); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). For an excellent and complete discussion of all the United States Supreme Court cases explicating the doctrine, see Moylan, *The Automobile Exception: What It Is and What It Is Not*, 27 Mercer L.Rev. 987.

█ In this case the district court did not base its determination of probable cause to search solely on the officer's probable cause to arrest defendant for driving under the influence. Rather, the court based it on the totality of the circumstances leading to the search. Those circumstances included the officer's observation of the exchange in the parking lot of the park, the officer's knowledge of prior drug problems connected with this lot, his observation of defendant apparently putting something under the seat when he stopped the car, and his observation of a bag protruding from under the seat. The court's conclusion was that these facts, when combined with the facts that gave the officer probable cause to believe defendant was under the influence of a drug, provided the officer with probable cause to believe that a search of the bag would result in the discovery of evidence of a crime.

We agree.

Affirmed.

PETERSON, J., took no part in the consideration or decision of this case.

## ORDER ON REHEARING

Upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that, having granted petition for rehearing in the above-referenced case and having heard the arguments of both parties, it is hereby determined that the original decision issued by this court on February 16, 1979, shall stand.