STATE of Minnesota, Appellant,

v.

Henry John LUDTKE, Respondent.

No. 81–364.

Supreme Court of Minnesota.

June 2, 1981.

Rehearing Denied July 20, 1981.

Michael L. Kirk, County Atty., Fergus Falls, for appellant.

Benjamin S. Houge, Minneapolis, for respondent.

SHERAN, Chief Justice.

This is a pretrial appeal by the state, pursuant to Minn.R.Crim.P. 29.03, from an order of the district court suppressing evidence on fourth amendment grounds in a prosecution of defendant for (1) possessing controlled substances with intent to distribute, and (2) carrying a pistol without a permit in a motor vehicle. We reverse and remand for trial.

Trooper Dan Prischmann of the Highway Patrol stopped a speeding vehicle in which defendant was a passenger and, when the driver was unable to produce identification papers, began to question defendant pursuant to standard procedures designed to verify the identification of the driver. As defendant was producing his identification, he leaned in such a way that a plastic bag protruding from his shirt pocket and containing a small amount of marijuana became visible to Prischmann. Prischmann seized this and then frisked the driver, finding a bag of marijuana on him also. After placing the driver in the squad car, Prischmann turned to return to the stopped vehicle; as he did so, he saw the defendant reaching into the back seat in a furtive manner. Prischmann then ordered defendant out and frisked him, finding a knife in a pants pocket and a plastic bag containing 11 grams of a white powder later identified as cocaine. Believing that the substance was a controlled substance such as cocaine, Prischmann arrested defendant and ordered a tow of the car. After receiving a *Miranda* warning and waiving his rights, defendant, in a one-sided conversation not punctuated by questions by Prischmann, volunteered a number of incriminating statements, including a statement that the satchel in the back seat of the stopped car contained hashish and three unregistered guns, possibly loaded. The booking search of defendant at the jail resulted in the discovery of a large amount of cash. A warrantless search of the satchel after the car was towed—approximately an hour after the car was first stopped—resulted in the discovery and seizure of hashish, the guns, a personal directory belonging to defendant and other items, including a large number of tablets and capsules containing caffeine and a decongestant.

The district court, after the omnibus hearing, suppressed all evidence seized from defendant's person and in the search of the satchel except the small amount of marijuana; the court also suppressed defendant's statements. This appeal followed.

Not at issue on this appeal are the stopping of the car, the request for identification, or the seizure of the marijuana from defendant's shirt pocket. At issue are the frisk of defendant and the warrantless

search of the satchel. We hold that both were proper and reverse the suppression order.

1. With respect to the frisk issue, the defendant relies upon *State v. Martin*, 253 N.W.2d 404 (Minn.1977). In that case we held that the warrantless search of a defendant cited for possessing a small amount of marijuana, a petty misdemeanor, could not be justified purely on a theory of search incident to arrest because not only was there no custodial arrest, but under the Rules of Criminal Procedure the officer could not have subjected the defendant to a custodial arrest. In so holding, however, we cautiously noted that the state made no claim that the police had probable cause to believe defendant had drugs on his person when the police searched him and that "no independent justification was advanced for the search," *id.* at 406.

■ We need not decide in this case whether the frisk of defendant's person could be justified on the ground that the officer had probable cause to believe he would find more drugs on defendant's person. *See generally* 2 W. LaFave, Search and Seizure § 5.2(h) (1978). In this case, the frisk was clearly justifiable as a limited protective weapons search, given the fact that Prischmann was alone on the highway with two people who had possessed marijuana, one of whom had been observed making a furtive movement into the back seat of the car. While the plastic bag of powder was soft and presumably did not feel like a weapon through the clothing, Prischmann was justified in reaching in and seizing it because he had already found a plastic bag of marijuana in the other shirt pocket and therefore could assume that this packet which he had felt also contained drugs. *See* 3 W. LaFave, Search and Seizure § 9.4(c) (1978 & Supp.1981). After he removed the packet and saw that it indeed was suspected cocaine, he certainly was justified in seizing it and arresting defendant. *See id.* § 9.4(d). Since there was a valid ground for the search, the search must be upheld. *See Scott v. United States*, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168

(1978); *State v. Veigel*, 304 N.W.2d 900 (Minn.1981) (upholding search of glove compartment on theory that even if, as the trial court ruled, there was not probable cause to search for an open-bottle violation, there was probable cause to search for drugs).

■ 2. The key case with respect to the second issue is *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), applying *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) to the warrantless search of luggage taken from an automobile which was lawfully stopped and holding that such luggage may not generally be searched without a warrant, unless the search falls under an otherwise established exception to the warrant requirements. *Accord, State v. Filipi*, 297 N.W.2d 275 (Minn.1980); *State v. Cavegn*, 294 N.W.2d 717 (Minn.1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 580, 66 L.Ed.2d 477 (1980).

The Supreme Court in *Sanders* set forth the following limitation on the application of the *Sanders* rule:

Not all containers and packages found by police during the course of a search will deserve the full protection of the Fourth Amendment. Thus, some containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance. Similarly, in some cases the contents of a package will be open to "plain view," thereby obviating the need for a warrant. See *Harris v. United States*, 390 U.S. 234, 236 [88 S.Ct. 992, 993, 19 L.Ed.2d 1067] (1968) (*per curiam*). There will be difficulties in determining which parcels taken from an automobile require a warrant for their search and which do not. Our decision in this case means only that a warrant generally is required before personal luggage can be searched and that the extent to which the Fourth Amendment applies to containers and other parcels depends not at all upon whether they are seized from an automobile.

442 U.S. at 764–65, n. 13, 99 S.Ct. at 2593–94, n.13.

The court also noted that exigent circumstances would justify a warrantless search of luggage or similar containers seized from automobiles. On the other hand, inventory theory cannot be relied upon as a way around the *Sanders* case. *See generally* 2 W. LaFave, Search and Seizure § 7.4, at 579–81 (1978 & Supp.1981).

Because the frisk and the resultant discovery of the cocaine were proper, it follows that the arrest of defendant and the conversation Prischmann had with him after giving him his *Miranda* warning were also proper. From that conversation Prischmann learned, before he ever searched the satchel, that the satchel contained hashish and unregistered guns. Whereas in the above-quoted example of the kit of burglar tools or the gun case the contents could only be inferred from their outward appearance, here the officer did not have to infer—he knew—what the contents of the satchel were. More importantly, he knew that defendant, by volunteering what the contents were, had implicitly signaled that he no longer had any expectation of privacy in the satchel. While the revelation concerning the contents of the satchel came after defendant was arrested, it was nonetheless a volunteered revelation. Under the circumstances, we hold that Prischmann was justified in searching the satchel without a warrant, even if it may be said that the satchel was the functional equivalent of luggage. Since the search would have been justified on the scene on this ground, under *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the search also could be delayed and conducted after the vehicle was towed. *Accord, State v. Veigel*, 304 N.W.2d 900 (Minn.1981).

Reversed and remanded for trial.

Defendant is awarded attorney fees in the amount of $400 pursuant to Minn.R. Crim.P. 29.03, subd. 2(8).