**STATE of Minnesota, Appellant,**

v.

**David Michael SKOOG, Respondent.**

**No. CX–84–581.**

Court of Appeals of Minnesota.

July 10, 1984.

Stephen C. Rathke, Crow Wing County Atty., Brainerd, for appellant.

John H. Erickson, Public Defender, Brainerd, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal by the state, pursuant to Rule 28.04, subd. 1 of the Minnesota Rules of Criminal Procedure, of a pretrial order of the district court granting respondent's motion to suppress evidence seized and ordering a dismissal of the complaint because of no probable cause. The state contends the police officer had probable cause to believe a snowblower protruding from the trunk of respondent's car, which had been lawfully stopped, may have been stolen by the respondent. We affirm.

## FACTS

On December 4, 1983 at about 10:30 p.m., a Brainerd police officer stopped respondent's car after observing several traffic violations. The officer noticed a snowblower protruding from the trunk of respondent's car. It was not tied down and showed no sign of recent use. When asked, respondent could not produce proof of ownership. He said it belonged to himself and his girlfriend and he had just picked it up from either his mother or grandmother's house. Although the officer had no reports of any snowblower theft, he told respondent he was confiscating the snowblower. Respondent accompanied the officer to the police station.

A few minutes after respondent left the police station, the police received a report of a stolen snowblower matching the description of the one seized from respondent. Respondent was then arrested and charged with theft over $300 in violation of Minn.Stat. § 609.52, subd. 2(1) (1982).

After an omnibus hearing, the trial court ruled the police officer lacked probable cause to seize the snowblower; suppressed evidence of seizing the snowblower from respondent; and dismissed the complaint for lack of probable cause.

## ISSUE

Did the trial court clearly err in ruling the seizure of the snowblower was made without probable cause in violation of respondent's constitutional rights?

## ANALYSIS

1. The test of probable cause is whether the objective facts are such that under the circumstances "a person of ordinary care and prudence [would] entertain an honest and strong suspicion" that a crime has been committed. *State v. Johnson*, 314 N.W.2d 229, 230 (Minn.1982) (quoting *State v. Carlson*, 267 N.W.2d 170, 173 (Minn.1978)). *See State v. Charley*, 278 N.W.2d 517 (Minn.1979). This standard is a flexible common sense one. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983); *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983); *see also State v. Fish*, 280 Minn. 163, 168, 159 N.W.2d 786, 790 (1968). " 'Good faith, however, is not enough to constitute probable cause. That faith must be grounded on facts within knowledge of the [officer], which in the judgment of the court would make his faith reasonable.' " *U.S. v. Ross*, 456 U.S. 798, 808, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982) (quoting *Carroll v. United States*, 267 U.S. 132, 161–62, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925)).

2. On review, we must determine whether the trial court clearly erred in finding that the officer lacked probable cause to believe the snowblower was stolen property. *State v. Liggons*, 348 N.W.2d 785 at 788 (Minn.Ct.App.1984). *See U.S. v. McGlynn*, 671 F.2d 1140, 1143 (8th Cir. 1982).

An officer "may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person." *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 1545, 75 L.Ed.2d 502 (1983) (White, J., concurring) (citing *U.S. v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)). Mere suspicion, however, does not equal probable cause. *Henry v. U.S.*, 361 U.S. 98, 101, 80 S.Ct. 168, 170, 4 L.Ed.2d 134 (1959); *Fish*, 280 Minn. at 169, 159 N.W.2d at 790.

The state relies on *State v. Lee,* 302 Minn. 382, 225 N.W.2d 14 (1975) in support of its position that the snowblower was lawfully seized. There, Lee was stopped at 4:15 a.m. for a traffic violation. On inquiry, he told the officer he was on his way home after a night of drinking. The officer smelled no liquor on the defendant. The officer did, however, observe two mag wheels in the back of Lee's station wagon which did not match the car and had snow on the tread. Lee stated he bought the tires at an unknown junkyard and was generally evasive. The court held this constituted sufficient probable cause for the officer to associate the tires with criminal activity.

Besides its analogy to *Lee,* the state lists six factors it believes support a finding of probable cause in this case: 1) The stop occurred at 10:25 p.m.; 2) the facts arguably showed the respondent was in a hurry to leave the area; 3) the snowblower was not tied down in any way; 4) the snowblower showed no sign of recent use; 5) respondent frustrated the officers' attempts to verify ownership by a) having no bill of sale, b) stating the claimed co-owner of the snowblower lacked a phone, and c) claiming his mother.or grandmother was not home at the time; and 6) snowblowers are frequent targets of theft.

■ We do not believe that the trial court clearly erred in determining the officer lacked probable cause to believe the snowblower was in any way connected to criminal activity. As the trial court noted in its accompanying memorandum:

> It is not remarkable to see a snowblower being transported in a car trunk in Minnesota in December. Nor does the fact that it was not tied down or wet from recent use render it suspicious. The officer did not know of any reported snowblower thefts nor was the defendant's conduct suspicious in any manner. There was just no reason to detain the defendant after the traffic stop had been concluded or to take the snowblower to the [station].

The trial court had good reasons for disregarding the exchange between the officer and the respondent: a) there is nothing suspicious about being unable to produce a bill of sale when stopped at 10:30 p.m.; b) it is difficult to comprehend how stating his phone was disconnected made respondent a crime suspect; and finally, c) it is neither remarkable nor suspicious that one's mother or grandmother may not be home at 10:30 p.m. on a Sunday night.

Our decision in *State v. Menard,* 341 N.W.2d 888 (Minn.Ct.App.1984) is distinguishable. There, we indicated that a *Terry* stop was justified because the officer of a small town testified he recognized a pickup truck entering town after midnight, he did not recognize the three occupants, and a short time later he saw the truck proceed through an alley on its way toward the state highway with no tailgate and a motorcycle lying in the box of the pickup. These facts were sufficient to give rise to a reasonable suspicion that the individual may be engaged in wrongdoing.

## DECISION

The facts in this case did not justify the officer's suspicion of criminal activity. The trial court did not clearly err in ruling the seizure of the snowblower was done without probable cause in violation of respondent's constitutional rights.

Affirmed.