**STATE of Minnesota, Respondent,**

v.

**Dwight Marvin LEMBKE, Appellant.**

No. C6–93–312.

Court of Appeals of Minnesota.

Dec. 7, 1993.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas D. Hayes, Sherburne County Atty., Christopher J. Johnson, Asst. County Atty., Elk River, for respondent.

Jonathan E. Fruchtman, Minneapolis, for appellant.

Considered and decided by PETERSON, P.J., and FORSBERG and DAVIES, JJ.

## OPINION

DAVIES, Judge.

This appeal is from a judgment of conviction for driving while under the influence of a controlled substance and possession of marijuana in a motor vehicle in violation of Minn. Stat. §§ 169.121, subd. 1, and 152.027, subd. 3 (1992). After appellant Dwight Lembke's motion to suppress was denied, he stipulated to the state's case and waived a jury trial to expedite appellate review pursuant to the procedure approved in *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). We affirm.

## FACTS

After stopping Lembke's car for speeding, Trooper John Magaard walked up to the car and asked Lembke for his driver's license. While standing by the open driver's window, waiting for the license, Magaard saw a plastic bag sticking out of Lembke's jacket pocket. Magaard testified that the bag looked like the bags he knew were often used to carry marijuana. Magaard testified that he saw only about an inch of the bag and was not able to see its contents.

Magaard asked Lembke if he would give him the bag. Instead of turning over the bag, Lembke pushed the bag deeper into his pocket. Magaard asked for the bag a second time. Lembke took it out of his pocket and handed it over to the officer, stating, "Okay. You got me here." The bag contained a green leafy substance that proved to be marijuana.

Lembke later failed a field sobriety test, but apparently passed the preliminary breath test. As a result, Magaard asked Lembke to take a urine test. This test showed the presence of marijuana.

## ISSUE

Was the warrantless seizure of the marijuana unreasonable under the Fourth Amendment?

## ANALYSIS

█ Lembke contends the seizure of the bag of marijuana is not justified by the "plain view" exception to the warrant requirement, as the district court found it was. The state argues that the bag was in plain view and properly seized and, alternatively, that the seizure can be upheld as consensual and as within the "inevitable discovery" rule.

■ In reviewing pretrial suppression rulings where the facts are not in dispute, this court "may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed." *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn.1992).

■ Consent to search must be voluntary in order to support a warrantless search or seizure. *Id.* at 222. Whether consent is voluntary is a question of fact based on all relevant circumstances. *Id.* But Lembke only surrendered the bag in the face of the officer's authority. Such an act of acquiescence does not establish voluntary consent. *Matter of Welfare of D.A.G.*, 474 N.W.2d 419, 423 (Minn.App.1991), *aff'd*, 484 N.W.2d 787 (Minn.1992).

■ The "plain view" doctrine allows police, once lawfully in a position to see incriminatory evidence, to seize that evidence if its incriminating nature is "immediately apparent." *E.g., State v. DeWald*, 463 N.W.2d 741, 747 (Minn.1990). It is no longer necessary that the discovery of the item in plain view be "inadvertent." *Horton v. California*, 496 U.S. 128, 140, 110 S.Ct. 2301, 2310, 110 L.Ed.2d 112 (1990).

■ The bag was unquestionably in the plain view of Magaard as he stood outside the car window. Lembke contends, however, that the incriminating nature of the bag was not immediately apparent.

The phrase "immediately apparent" is

very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the "plain view" doctrine.

*Texas v. Brown*, 460 U.S. 730, 741, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (plurality opinion). All that is required is that the officer have probable cause to believe the item is of an incriminating nature. *Arizona v. Hicks*, 480 U.S. 321, 326, 107 S.Ct. 1149, 1153, 94 L.Ed.2d 347 (1987).

■ On cross-examination, the officer agreed that what he had was "reasonable suspicion" that there was marijuana in the bag. "Reasonable suspicion" is not sufficient. *Id.* The officer's choice of words is not controlling, however, for the evidence establishes that the officer had probable cause. Probable cause must be assessed based on an objective view of the circumstances, not on the subjective view of the police officer or his or her choice of words at the omnibus hearing. *See, e.g., State v. Alesso*, 328 N.W.2d 685, 689 n. 4 (Minn.1982) (under objective theory of probable cause, deficiency in officer's testimony does not invalidate search).

A bag has many legitimate uses. An officer may, however, rely on trained intuition and observations drawn from his experience. *State v. Skoog*, 351 N.W.2d 380, 381 (Minn. App.1984). A bag seen on the person of a speeding driver late at night is arguably more likely to hold marijuana than a legitimate substance.

We conclude that the bag was properly seized under the plain view exception to the warrant requirement. Generally, an officer's witnessing of a suspect's attempt to conceal something can contribute to probable cause. *E.g., Alesso*, 328 N.W.2d at 689–90; *State v. Cornell*, 491 N.W.2d 668, 672 (Minn.App. 1992). But here the officer had "requested" the bag before Lembke attempted to conceal it, so the gesture does not give probable cause.

■ The bag would also inevitably have been discovered in either a search incident to arrest or an involuntary search. *Cf. State v. Rodewald*, 376 N.W.2d 416, 422 (Minn.1985) (defendant arrested on bench warrant would inevitably be subject to involuntary search). Lembke had failed the field sobriety test, there was a moderate odor of alcohol, and the preliminary breath test indicated he was somewhat intoxicated. The trooper would inevitably have arrested Lembke and searched him pursuant to that arrest.

## DECISION

The marijuana was properly seized under the plain view exception to the warrant requirement. The evidence was also admissible under the inevitable discovery exception to the exclusionary rule.

**Affirmed.**

PETERSON, Judge (concurring specially).

I concur with the majority decision that the bag of marijuana is admissible because it would inevitably have been discovered in a search incident to arrest, but I do not agree that the bag was properly seized under the plain view exception to the warrant requirement.

As the majority opinion states, all that is necessary for application of the "plain view" doctrine is that the officer have probable cause to believe the item is of an incriminating nature. *Arizona v. Hicks,* 480 U.S. 321, 326, 107 S.Ct. 1149, 1153, 94 L.Ed.2d 347 (1987). Also, an officer may rely on trained intuition and observations drawn from experience to form suspicions that may escape the untrained person. *State v. Skoog,* 351 N.W.2d 380, 381 (Minn.App.1984). However, a reasonable suspicion is not sufficient. *Hicks,* 480 U.S. at 326, 107 S.Ct. at 1153.

To reach its conclusion that the bag was in plain view, the majority relies only on events up to the time Magaard asked Lembke to give him the bag. I do not agree that seeing the top of a regular plastic bag, which has many legitimate uses, protruding from a jacket pocket (without seeing the contents of the bag) constitutes probable cause. The fact that the jacket was worn by a speeding driver late at night does not make it more likely that the bag held marijuana rather than a legitimate substance. When Magaard asked Lembke to give him the bag, Lembke had not failed the field sobriety test and had not taken a preliminary breath test. An objective view of the circumstances at that time does not support the conclusion that Magaard had anything more than a reasonable suspicion that there was marijuana in the bag.