**STATE of Minnesota, Respondent,**

v.

**Jennifer Lee DICKEY, Appellant.**

No. A12–0516.

Court of Appeals of Minnesota.

March 11, 2013.

**Background:** Defendant was convicted in the District Court, Itasca County, Jon A. Maturi, of fifth-degree controlled substance crime, and she appealed.

Lori Swanson, Attorney General, St. Paul, MN; and John J. Muhar, Itasca County Attorney, Heidi M. Chandler, Assistant County Attorney, Grand Rapids, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, and Paul A. Sand, Special Assistant State Public Defender, Larson King, L.L.P., St. Paul, MN, for appellant.

Considered and decided by HOOTEN, Presiding Judge; CONNOLLY, Judge; and RODENBERG, Judge.

## OPINION

RODENBERG, Judge.

Appellant appeals from her conviction of fifth-degree controlled substance crime following a trial on stipulated evidence conducted pursuant to Minn. R.Crim. P. 26.01, subd. 4. Appellant asserts that the district court erred in denying her motion to suppress the evidence that was discovered after a police officer stopped her vehicle, arguing that the police officer (1) did not have probable cause to arrest her and (2) may not stop a vehicle to effect a warrantless felony arrest. We affirm.

## FACTS

On June 28, 2011, police officers executed a search warrant on the residence shared by appellant Jennifer Lee Dickey and J.A., her boyfriend, searching for evidence of methamphetamine possession and sales. The warrant was obtained based on information provided by a confidential reliable informant (CRI). Appellant was not mentioned in the warrant application, which referred only to J.A. by name. The information provided by the CRI included the descriptions of and license plate numbers for the two vehicles used by appellant and J.A. on a regular basis, including a Dodge Dakota. The search warrant authorized search of the residence but did not authorize either the search or seizure of any motor vehicles.

J.A. was at home when police officers executed the warrant. He was detained in the garage during the search. A cooler containing methamphetamine, cash, and a handgun were discovered near him. Police then searched a bedroom believed to be that of appellant and J.A. They located drug paraphernalia and a large box containing drying marijuana. Police also located mail addressed to appellant and both men's and women's clothing in the bedroom. Police also found 11 growing marijuana plants inside a locked closet adjoining the bedroom.

As the search was proceeding, J.A. stated to the officers that he and appellant shared the bedroom in question. J.A. also informed police that appellant would soon be arriving at the residence in the Dodge Dakota. Based on the information obtained from the CRI, from J.A., and from the search of the bedroom, an officer at the home contacted another law enforcement officer and directed him to stop the Dodge Dakota.

This other police officer stopped appellant as she approached the home while driving the Dodge Dakota. Appellant, who was the sole occupant of the vehicle, was informed that the warrant had been executed at the home and that a drug-sniffing dog would arrive to conduct a sniff around the perimeter of the vehicle. Appellant was asked whether there was contraband in the vehicle. She admitted having methamphetamine in her purse, which was in the vehicle. A search warrant was later obtained for the vehicle, and a search of the vehicle pursuant to the warrant resulted in the discovery of methamphetamine in appellant's purse.

Appellant was charged with one count of fifth-degree controlled substance crime in violation of Minn.Stat. § 152.025, subd. 2(a)(1) (2010). The charge was based on the methamphetamine discovered in appellant's purse. At an omnibus hearing, appellant moved to suppress the evidence seized following the initial stop of the vehicle. The district court denied the motion to suppress, concluding that, at the time of the stop, police had probable cause to arrest appellant for constructive possession of the marijuana found in the shared bedroom.

Appellant stipulated to the state's evidence in order to pursue an appeal under Minn. R.Crim. P. 26.01, subd. 4. The district court found appellant guilty based on the stipulated evidence. This appeal followed.

## ISSUES

I. Did the district court err in concluding that the seizure of appellant was lawful because police had probable cause to arrest appellant for constructive possession of the marijuana discovered in the bedroom she shared with her boyfriend?

II. Did the district court err in finding that the automobile stop was reasonable because police had probable cause to make a warrantless felony arrest of appellant?

## ANALYSIS

■■■ A district court's determination as to whether a police officer had sufficient probable cause to conduct a warrantless search or seizure is a question of law, which we review de novo. *State v. Burbach*, 706 N.W.2d 484, 487 (Minn.2005). A district court's findings of fact in such cases are generally reviewed for clear error. *Id.* However, if the facts are undisputed, we review de novo. *Id.*

### I.

■■■ Probable cause to arrest a suspect exists when "the objective facts are such that under the circumstances, a person of ordinary care and prudence would entertain an honest and strong suspicion that a crime has been committed." *In re Welfare of G.M.*, 560 N.W.2d 687, 695 (Minn.1997). This standard is less demanding and requires "far less evidence" than proof beyond a reasonable doubt. *State v. Hawkins*, 622 N.W.2d 576, 580 (Minn.App.2001) (quoting *United States v. Sanchez*, 689 F.2d 508, 515–16 (5th Cir. 1982)).

■■■ In this case, the district court determined that the police officer had probable cause to arrest appellant for constructive possession of the marijuana

found in the shared bedroom.[1] A person has constructive possession of narcotics when the controlled substance is located either (1) "in a place under defendant's exclusive control to which other people did not normally have access" or (2) "in a place to which others had access, [but] there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it." *State v. Florine*, 303 Minn. 103, 105, 226 N.W.2d 609, 611 (1975). This inquiry is based on a totality of the circumstances. *State v. Munoz*, 385 N.W.2d 373, 377 (Minn.App.1986). "A person may constructively possess contraband jointly with another person." *State v. Lee*, 683 N.W.2d 309, 316 n. 7 (Minn.2004).

■■■ Appellant argues based on *Florine* and its progeny that the facts here are insufficient to convict her of constructive possession of the drugs found in the shared bedroom. However, whether appellant could have been convicted by proof beyond a reasonable doubt of constructive possession is not before this court, as appellant was not charged with or convicted of that crime in this file. Rather, the issue presented is whether the police officers had probable cause to believe that appellant was in constructive possession of the marijuana when she was stopped by police. A police officer has probable cause to arrest a suspect for constructive possession of a controlled substance when the officer is presented with objective facts that would give rise to an honest and strong

---

1. The weight of the marijuana is not revealed by the record, but the district court implicitly found that the officers had probable cause to believe that it weighed more than 42.5 grams. *See* Minn.Stat. §§ 152.01, subd. 16, .02 (2010) (defining possession of less than 42.5 grams of marijuana as a petty misdemeanor). In finding that there was probable cause to arrest appellant, the district court necessarily concluded that the amount of marijuana in the bedroom gave the police officers probable cause to believe that it was more than a "small amount." *See id.* The photographs in the record amply support that implicit finding.

suspicion that there is a strong probability that the suspect was exercising or had exercised dominion or control over the controlled substance. *See G.M.,* 560 N.W.2d at 695 (probable cause to arrest); *Florine,* 303 Minn. at 105, 226 N.W.2d at 611 (constructive possession).

Facts that have been found to satisfy the more stringent standard of whether a suspect could be convicted on proof beyond a reasonable doubt of constructive possession of drugs include, but are not limited to, (1) whether the narcotics are located near papers and personal documents bearing the suspect's name; (2) whether the narcotics are found close to the suspect's clothing or personal property; or (3) whether the narcotics are found in a room used as a bedroom by the suspect. *State v. Wiley,* 366 N.W.2d 265, 270 (Minn.1985); *State v. Colsch,* 284 N.W.2d 839, 841 (Minn.1979); *State v. Mollberg,* 310 Minn. 376, 390, 246 N.W.2d 463, 472 (1976); *State v. LaBarre,* 292 Minn. 228, 232–33, 237, 195 N.W.2d 435, 439, 441 (1972); *State v. Denison,* 607 N.W.2d 796, 800 (Minn.App. 2000), *review denied* (Minn. June 13, 2000).

When executing the warrant on the residence where appellant was living, police officers found a cardboard box of drying marijuana and drug paraphernalia in a bedroom identified by J.A. as the bedroom shared by appellant and J.A. An eleven-plant marijuana grow operation was located in the closet attached to the bedroom. The bedroom also contained both men's and women's clothes and mail addressed to appellant. Under these circumstances, the objective facts available to police officers were such that a person of ordinary care and prudence would entertain an honest and strong suspicion that appellant was in joint constructive possession of the drugs and drug paraphernalia located in the shared bedroom.

Based on these circumstances, the district court did not err in determining that the police had "probable cause to arrest [appellant] for constructive possession of contraband and controlled substances seized by officers during the search of the bedroom." [2]

## II.

▇▇▇ Under the United States Constitution:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. This constitutional protection has been incorporated into the Due Process Clause of the Fourteenth Amendment and is applicable against the states. *See* U.S. Const. amend. XIV; *Mapp v. Ohio,* 367 U.S. 643, 655–56, 81 S.Ct. 1684, 1691–92, 6 L.Ed.2d 1081 (1961) (incorporating both the Fourth Amendment and the consequences of violating it). Minnesota's constitution contains a provision paralleling the Fourth Amendment. Minn. Const. art. I, § 10.

---

**2.** We need not reach the question of whether there was probable cause to believe that appellant constructively possessed the methamphetamine found in the garage. The evidence of appellant's possible constructive possession of the controlled substance in the garage was not analyzed by the district court, and properly so in light of the district court's conclusion that the quantity and location of the controlled substance found in the bedroom and in the closet were sufficient to support probable cause to arrest appellant.

Under both the federal and state constitutions, "subject only to a few specifically established and well-delineated exceptions," searches or seizures "conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); *see also State v. Hanley*, 363 N.W.2d 735, 738 (Minn.1985) (articulating this standard for Minnesota).

A well-established exception to the warrant requirement permits "[p]olice officers [to] arrest a felony suspect without an arrest warrant in a public place ... provided they have probable cause." *State v. Walker*, 584 N.W.2d 763, 766 (Minn. 1998) (citing *United States v. Watson*, 423 U.S. 411, 417–18, 96 S.Ct. 820, 824–25, 46 L.Ed.2d 598 (1976)).

A police officer with probable cause to arrest the driver of a vehicle may stop that vehicle to make the arrest. *See United States v. Hensley*, 469 U.S. 221, 227–28, 230–31, 233–34, 105 S.Ct. 675, 679–80, 681, 682–83, 83 L.Ed.2d 604 (1985) (assuming, in its discussion of whether officers may conduct a *Terry* stop of a vehicle based on reasonable suspicion that the driver is wanted for committing a felony, that a vehicle stop by an officer with probable cause to arrest would be valid). A police officer may convey to an arresting officer probable cause to arrest arising from information not known to the arresting officer. *See State v. Conaway*, 319 N.W.2d 35, 40 (Minn.1982) (imputing pooled knowledge of law enforcement to the acting officer).

In this case, the arresting officer stopped appellant's vehicle at the direction of the officers who had searched appellant's residence and developed probable cause to arrest appellant for a felony controlled substance crime. The probable cause available to those officers who were in the home is imputed to the arresting officer. *See Conaway*, 319 N.W.2d at 40. The stop of appellant's vehicle and appellant's arrest were therefore valid under the felony-arrest exception to the warrant requirement of the Fourth Amendment and Minn. Const. art. I, § 10. *See Hensley*, 469 U.S. at 227–28, 230–31, 233–34, 105 S.Ct. at 679–80, 681, 682–83.

Having lawfully stopped appellant based on probable cause to arrest her, the arresting officer inquired into whether she possessed any contraband. Appellant admitted having methamphetamine in her purse. The police officer then seized the vehicle and its contents, but waited to obtain a warrant prior to searching them. Appellant does not argue that these actions were improper. Rather, she disputes the legality of the original stop of the vehicle. That original stop was lawful because it was supported by probable cause to arrest appellant. The district court did not err when it denied appellant's motion to exclude the evidence seized as a result of the stop.[3]

## DECISION

Law enforcement had probable cause to arrest appellant for constructive possession of the drying and growing marijuana discovered in her residence. Therefore, the warrantless stop of appellant's vehicle

---

**3.** Based on our decision, we need not reach the district court's alternative holding that the stop could also be upheld under the warrant and probable cause exceptions announced in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), or *State v. Askerooth*, 681 N.W.2d 353 (Minn.2004).

was constitutional under the felony-arrest exception to the warrant requirement. The district court did not err when it denied appellant's motion to exclude the evidence discovered as a result of that stop.

**Affirmed.**