*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2012**

State of Minnesota,
Respondent,

vs.

Joseph Gene Hoberg,
Appellant.

**Filed July 28, 2014
Affirmed
Larkin, Judge**

Hennepin County District Court
File No. 27-CR-13-10216

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael Freeman, Hennepin County Attorney, Mark V. Griffin, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Bridget K. Sabo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Larkin, Judge; and

Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**LARKIN**, Judge

Appellant challenges his conviction of fifth-degree possession of a controlled substance, arguing that the district court erred by denying his motion to suppress the evidence that supports his conviction. Because the district court did not err in its suppression ruling, we affirm.

## FACTS

Minneapolis police officers arrested appellant Joseph Gene Hoberg for possession of drug paraphernalia. When Hoberg was booked at the Hennepin County jail, a deputy found three Xanax pills on Hoberg during a routine jail-intake search. Respondent State of Minnesota charged Hoberg with fifth-degree controlled substance possession.

Hoberg moved the district court to suppress the Xanax pills, arguing that his arrest was illegal and that the pills were the fruit of his illegal arrest. The motion was submitted to the district court for a decision without an evidentiary hearing, based on the written arguments of counsel and the information contained in the complaint and relevant police reports.

After the district court denied Hoberg's motion to suppress, Hoberg waived his right to a jury trial and agreed to a trial under Minn. R. Crim. P. 26.01, subd. 4. The district court found Hoberg guilty of fifth-degree controlled substance possession and imposed a stayed prison sentence. Hoberg appeals the judgment of conviction, arguing that the district court erred by denying his motion to suppress.

**D E C I S I O N**

Hoberg argues that "because law enforcement officers lacked authority to arrest [him], the evidence discovered during his search must be suppressed." He contends that "law enforcement officers had probable cause to suspect [him] of nothing more than a petty misdemeanor offense for which arrest is not authorized." There are four components to Hoberg's argument: (1) under Minn. Stat. § 152.092 (2012), possession of drug paraphernalia is a petty misdemeanor offense and Minneapolis, Minn., Code of Ordinances § 223.235 (2003), which makes possession of drug paraphernalia in "a public place" a misdemeanor offense, is preempted by state law; (2) even if state law does not preempt section 223.235, the police lacked probable cause to believe Hoberg had violated section 223.235 because a car (where the paraphernalia was found) is not a public place; (3) Hoberg's arrest cannot be justified on any other grounds, specifically, probable cause to believe that he committed the misdemeanor offense of careless driving; and (4) Minn. R. Crim. P. 6.01, prohibits custodial arrests for petty-misdemeanor offenses.

For the reasons that follow, we conclude that the arresting officer had probable cause to arrest Hoberg for the misdemeanor offense of careless driving and that his custodial arrest was lawful under rule 6.01.

**I.**

"When reviewing a pretrial order on a motion to suppress [evidence, appellate courts] review the district court's factual findings under [a] clearly erroneous standard . . . [and] the district court's legal determinations, including a determination of probable cause, de novo." *State v. Milton*, 821 N.W.2d 789, 798 (Minn. 2012) (citation omitted).

Hoberg's argument for suppression hinges on his contention that his arrest was impermissible under Minn. R. Crim. P. 6.01, which provides:

> **Subd. 1. Mandatory Citation Issuance in Misdemeanor Cases.**
>
> (a) *By Arresting Officer.* In misdemeanor cases, peace officers who decide to proceed with prosecution and who act without a warrant must issue a citation and release the defendant unless it reasonably appears:
> (1) the person must be detained to prevent bodily injury to that person or another;
> (2) further criminal conduct will occur; or
> (3) a substantial likelihood exists that the person will not respond to a citation.
>
> If the officer has already arrested the person, a citation must issue in lieu of continued detention, and the person must be released, unless any of the circumstances in subd. 1(a)(1)-(3) above exist.
>
> . . . .
>
> . . . (c) *Offenses Not Punishable by Incarceration.* A citation must be issued for petty misdemeanors and misdemeanors not punishable by incarceration. If an arrest has been made, a citation must be issued in lieu of continued detention.

"[I]n all cases of lawful custodial arrest, the police may fully search the [arrested] person incident to the arrest," but under rule 6.01, "an officer ordinarily may not arrest a person without a warrant for a petty misdemeanor." *State v. Martin*, 253 N.W.2d 404, 405-06 (Minn. 1977).

In denying Hoberg's motion, the district court reasoned, in part, that the "police had probable cause to believe, at the very least, that [Hoberg], intoxicated and slumped in a vehicle blocking a public roadway, was in violation of the careless driving statute,"

4

which is a misdemeanor offense.  *See* Minn. Stat. § 169.13, subd. 2 (2012) (defining the offense of careless driving as a misdemeanor offense).  The district court further reasoned that each of the exceptions to the rule requiring a mandatory citation and release in misdemeanor cases was satisfied.  *See* Minn. R. Crim. P. 6.01, subd. 1(a)(1)-(3).

*Probable Cause to Arrest for Careless Driving*

We first consider whether there was probable cause to arrest Hoberg for careless driving.  Whether the police had probable cause to arrest is a determination of constitutional rights, and an appellate court makes an independent review of the facts to determine the reasonableness of the police officer's actions.  *State v. Olson*, 436 N.W.2d 92, 94 (Minn. 1989).  The "test of probable cause to arrest is whether the objective facts are such that under the circumstances, a person of ordinary care and prudence would entertain an honest and strong suspicion that a crime has been committed."  *In re Welfare of G.M.*, 560 N.W.2d 687, 695 (Minn. 1997).  "The lawfulness of an arrest is determined by an objective standard that takes into account the totality of the circumstances, including the expertise and experience of the arresting police officers."  *State v. Hawkins*, 622 N.W.2d 576, 580 (Minn. App. 2001).  "[I]f the objective standard is met, we will not suppress evidence or invalidate an arrest even if the officer making the arrest or conducting the search based his or her action on the wrong ground or had an improper motive."  *Id.* at 579-80 (quotation omitted).

Careless driving is defined as follows:

> Any person who operates or *halts* any vehicle upon any street or highway carelessly or heedlessly in disregard of the rights of others, or in a manner that endangers or is likely to

5

> endanger any property or any person, including the driver or passengers of the vehicle, is guilty of a misdemeanor.

Minn. Stat. § 169.13, subd. 2 (emphasis added).

The district court found that Hoberg was reported as a "slumper" in a vehicle that was "blocking" a roadway in Minneapolis. The arresting officers arrived at the scene and observed a vehicle "stopped in the street blocking traffic." Hoberg was in the driver's seat of the vehicle. He "appeared to be highly impaired" and was being evaluated by Minneapolis Fire Department personnel. Hoberg denied having any medical issues. One officer observed "a couple of bottles with a quantity of unknown pills" in the vehicle. Another officer saw "a glass drug pipe in plain view on the floor of the vehicle in front of the driver's seat." One of the arresting officers attempted to issue Hoberg a citation for the pipe and to explain the citation, but Hoberg "was not responding coherently and evidently not understanding what [the officer] was saying to him." Two other officers who responded to the scene confirmed that Hoberg was unable to comprehend the arresting officer's attempt to explain the citation.

Based on the facts found by the district court—which are not challenged on appeal—this court concludes that there was probable cause to arrest Hoberg for the misdemeanor offense of careless driving. Based on the objective facts, a person of ordinary care and prudence would entertain an honest and strong suspicion that Hoberg halted his vehicle on a street, carelessly in disregard of the rights of others, or in a manner that was likely to endanger people or property. Hoberg's arguments to the contrary are unpersuasive.

6

Hoberg argues that "[a] review of the facts leading up to [the arresting officer's] interaction with Hoberg reveals absolutely no driving conduct whatsoever." He notes that the vehicle was not running, the keys were "on the floor of the car, not in the ignition," and that the officer "did not witness Hoberg either operating or halting his car carelessly." In sum, Hoberg argues that "[n]othing about [his] position suggested he had temporarily suspended the movement of his car, rather, his position suggested that he had not moved the car at all." But Hoberg also argues that, at most, there may have been "probable cause to believe that [he] had, at some point illegally parked his car," which is only a petty misdemeanor offense. *See* Minn. Stat. § 169.34, subd. 2(a) (2012). Hoberg does not explain how he could have "illegally parked his car" without operating or halting the vehicle.

Even though the officers did not observe Hoberg's vehicle in motion, the circumstantial evidence available to the officers warranted an honest and strong suspicion that Hoberg had halted his vehicle in his "highly impaired" condition. Because that condition rendered him unable to understand what the officers were saying to him or to respond coherently, and because the vehicle was "stopped in the street blocking traffic," a person of ordinary care and prudence would entertain a strong suspicion that Hoberg halted his vehicle in a manner prohibited by section 169.13, subdivision 2.[1]

---

[1] Although Hoberg does not raise it as an issue, we are satisfied that the vehicle was halted in the presence of the arresting officers. *See* Minn. Stat. § 629.34, subd. 1(c)(1) (2012) (stating that a peace officer may arrest a person without a warrant "when a public offense has been committed or attempted in the officer's presence").

7

In sum, the officers had objective probable cause to arrest Hoberg for careless driving. *See Hawkins*, 622 N.W.2d at 580 (stating that if the objective standard is met, a court will not suppress evidence or invalidate an arrest even if the officer making the arrest based his action on the wrong ground). Because there was probable cause to arrest Hoberg for a misdemeanor offense, Hoberg's remaining arguments for reversal—which are based on the erroneous contention that there was no more than probable cause to believe he committed a petty misdemeanor offense—are unavailing and we do not address them.

*Exceptions to Rule 6.01*

Having taken the position that his arrest cannot be justified based on probable cause to believe he committed the offense of careless driving or any other misdemeanor offense, Hoberg does not discuss the district court's determination that each of the exceptions to rule 6.01 was satisfied. *See* Minn. R. Crim. P. 6.01, subd. 1(a)(1)-(3). We nonetheless briefly review the district court's application of rule 6.01. *See* Minn. R. Crim. P. 28.02, subd. 11 ("On appeal from a judgment, the court may review any order or ruling of the district court or any other matter, as the interests of justice require."). The construction and application of a rule of criminal procedure is a question of law, which this court reviews de novo. *State v. Hugger*, 640 N.W.2d 619, 621 (Minn. 2002).

The district court concluded that Hoberg's arrest "was justified by the need to prevent [him] from injuring himself or others." *See* Minn. R. Crim. P. 6.01, subd. 1(a)(1). We agree. Hoberg was "slumped" in the driver's seat of a vehicle blocking traffic on a public roadway. He appeared to be incapable of safely driving. Yet, there

8

was a risk that Hoberg would attempt to drive and injure himself or someone else in the process. As stated by the district court, "the officers were justified in using their common sense in removing [Hoberg] from the scene."

The district court next concluded that "[p]olice were also justifiably concerned further criminal conduct would occur if they merely cited [Hoberg] and set him free." *See id.*, subd. 1(a)(2). Once again, we agree. As noted by the district court, "[h]ad [the police] cited and released [Hoberg], [he] could have walked off to procure more drugs or possibly attempt to drive again." Given Hoberg's apparent incapacity, and the risk that he would attempt to drive, it reasonably appeared that an arrest was necessary to prevent further criminal conduct.

Lastly, the district court determined that "[p]olice also had valid concerns [that Hoberg] would not respond to a citation." *See id.*, subd. 1(a)(3). The record supports this determination. An officer attempted to explain a citation to Hoberg, but he did not respond coherently and did not appear to understand what the officer said. Two other officers noted that Hoberg was "extremely altered" and could not comprehend attempts to explain the citation. Under the circumstances, there was a substantial likelihood that Hoberg would not respond to the citation.

In sum, Hoberg's arrest was lawful and the district court did not err by denying his motion to suppress.

**Affirmed.**