*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2163**

State of Minnesota,
Respondent,

vs.

Christopher Michael Kaupang,
Appellant.

**Filed November 3, 2014
Affirmed
Rodenberg, Judge**

Lac Qui Parle County District Court
File No. 37-CR-12-349

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul,
Minnesota; and

Richard G. Stulz, Lac Qui Parle County Attorney, Madison, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Bethany L. O'Neill, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Rodenberg, Presiding Judge; Worke, Judge; and Kirk,

Judge.

**RODENBERG**, Judge

Appellant Christopher Kaupang challenges his convictions of second-degree sale of methamphetamine, fifth-degree possession of methamphetamine, and possession of a firearm by an ineligible person. We affirm.

**FACTS**

On December 13, 2012 agents of the CEE-VI Drug and Gang Task Force conducted a controlled buy of methamphetamine at a motel in Dawson with the cooperation of a confidential informant (CI). The CI arranged to purchase the methamphetamine from a person he identified as Richard Fultz. Text messages between Fultz and the CI revealed that Fultz would be obtaining the methamphetamine from another individual, who Fultz later identified as appellant. The CI drove Fultz to the motel, where agents surveilled, and Fultz entered one of the rooms. The CI picked up Fultz approximately 50 minutes later, and Fultz gave the CI one small bag containing a white crystalized substance, later tested and identified by the Bureau of Criminal Apprehension (BCA) as 5.3 grams of methamphetamine.

While waiting for the CI and Fultz to arrive, the agents saw a maroon Dodge Intrepid arrive at the motel. A male, later determined to be L.S. and who matched appellant's physical description, got out of the car and entered the motel room. The male exited the motel room a few minutes after Fultz entered. The agents discontinued surveillance after Fultz left the motel room.

On December 18, 2012, and acting pursuant to a search warrant, multiple police officers searched the motel room where the December 13, 2012 controlled buy occurred. Officers found no one in the room. They seized 31 different items in the living room and bedroom, including methamphetamine, marijuana, drug paraphernalia, papers and cards identifying several different people, a 20-gauge shotgun, and a handgun holster. The BCA analyzed some of the items found in the search. One item was identified as containing 0.2 grams of methamphetamine. Fingerprint analysis of the shotgun revealed one latent fingerprint suitable for comparison and excluded appellant as a possible source of the fingerprint.

Appellant was charged with three counts: fifth-degree possession of methamphetamine in violation of Minn. Stat. § 152.025, subd. 2(b)(1), possession of a firearm by an ineligible person in violation of Minn. Stat. § 624.713, subd. (1)(2), and second-degree sale of methamphetamine in violation of Minn. Stat. § 152.022, subd. 1(1).

Fultz testified for the prosecution at trial. He identified appellant as the individual from whom he purchased the methamphetamine that he later gave to the CI. Fultz testified that he called appellant the morning of December 13, 2012 to arrange a purchase of methamphetamine and appellant told him "go ahead and come on over." Fultz also testified that appellant and his girlfriend, who Fultz believed was in the shower and who he did not see during the transaction with appellant, were the only people in the motel

room while he was there.[1]  Fultz testified that he was charged for his participation in the sale and was given a stayed sentence in exchange for testifying against appellant.

Agents testified that the motel owner gave police the motel registration card listing appellant as reserving the room at the motel.  The manager testified that appellant originally called and reserved the room and stayed in two different rooms at the motel from November 16, 2012 to December 18, 2012.  The manager testified that she discussed arrangements with both appellant and his girlfriend, both of whom were staying at the motel, and that she had warned appellant and his girlfriend that there were too many visitors "coming and going" during their stay.

After a two-day jury trial, appellant was convicted of all charges and sentenced.  This appeal followed.

## D E C I S I O N

Appellant argues that the testimony of Fultz, an accomplice in the sale, is insufficient to support his conviction of count three, the second-degree sale of methamphetamine on December 13.  Appellant contends that, because Fultz's testimony is the only evidence in the record indicating that Fultz purchased the methamphetamine from appellant, and because Fultz was an accomplice in the sale to the CI, his conviction must be reversed.

In considering a claim of insufficient evidence, we analyze the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is

---

[1] This was in conflict with testimony of surveilling agents who saw a male enter the room before Fultz arrived and leave shortly after Fultz arrived.

sufficient to allow the fact-finder to reach the verdict that it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). A conviction will not be reversed if a jury could have found a defendant guilty of the charged offense, "giving due regard to the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt." *State v. Clark*, 755 N.W.2d 241, 256 (Minn. 2008) (quotations and citations omitted).

In this case, Fultz is an accomplice to the December 13 sale. A conviction based on testimony of an accomplice receives additional scrutiny and must be "corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." Minn. Stat. § 634.04 (2012). The corroborating evidence "does not need to be sufficient to establish a prima facie case of the defendant's guilt or sustain a conviction." *Id*. at 253-4. "Corroborating evidence is sufficient if it 'restores confidence in the accomplice's testimony, confirming its truth and pointing to the defendant's guilt in some substantial degree.'" *State v. Ford*, 539 N.W.2d 214, 225 (Minn. 1995) (quoting *State v. Scruggs*, 421 N.W.2d 707, 713 (Minn. 1988)).

Fultz testified that appellant delivered to him the methamphetamine that he then delivered to the CI on December 13, 2012. The state offered evidence that appellant was renting the motel room where Fultz testified he got the drugs from appellant, that appellant had been residing there for approximately one month, and that he was staying in the room on December 13, 2012. The task force agents testified that they searched the CI before the controlled buy, observed the CI during the buy, and confirmed that he had methamphetamine that he received from Fultz after Fultz left the motel room.

5

Methamphetamine was found in the room five days later along with documents containing appellant's name. The record contains ample evidence to support Fultz's testimony, confirming its truth and pointing to appellant's guilt. While the jury also received evidence tending to discredit Fultz, it was properly instructed on the requirement of corroboration of accomplice testimony, and it accepted Fultz's testimony as sufficient to remove all reasonable doubt of appellant's guilt despite the conflicting evidence. The evidence is sufficient to corroborate Fultz's testimony.

Appellant also argues there is insufficient evidence to convict him of constructive possession of methamphetamine and the shotgun found in the motel room on December 18, 2012. Because appellant was not in the motel room at the time of the search, and did not have the methamphetamine or the firearm in his immediate possession, the convictions of counts one and two depend upon circumstantial evidence of appellant's constructive possession of them.

A conviction based on circumstantial evidence warrants heightened scrutiny. *State v. Bolstad*, 686 N.W.2d 531, 539 (Minn. 2004). In applying the circumstantial evidence standard, we apply a two-step analysis. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). "The first step is to identify the circumstances proved. In identifying the circumstances proved, we defer to the jury's acceptance of the proof of these circumstances and rejection of evidence in the record that conflicted with the circumstances proved by the State." *Id.* at 598-9 (citing *State v. Andersen*, 784 N.W.2d 320, 329 (Minn. 2010)); *see also State v. McCormick*, 835 N.W.2d 498, 505 n.2 (Minn. App. 2013) (noting that when reviewing the circumstances proved from a jury verdict of

guilty, we evaluate what circumstances the jury likely determined were proved and their likely determinations). "The second step is to determine whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *Silvernail*, 831 N.W.2d at 599 (quotation omitted). We review "circumstantial evidence not as isolated facts, but as a whole." *Id.*

To prove constructive possession, of either the methamphetamine or the gun, the state was required to prove that the items were in a place under appellant's exclusive control or, if found in a place to which others had access, that appellant knowingly exercised dominion and control over the item(s). *State v. Smith*, 619 N.W.2d 766, 770 (Minn. App. 2000); *see also* Minn. Stat. §§ 152.025, subd. 2(b)(1), 624.713, subd. 1(2) (2012)[2] (defining the crimes of fifth-degree controlled substance and ineligible persons to possess firearms, respectively) Here, because the evidence demonstrates that others had access to the motel room, we analyze whether the state proved beyond a reasonable doubt that appellant knowingly exercised dominion and control over the methamphetamine and the shotgun.

"[C]onstructive possession need not be exclusive, but may be shared." *Smith*, 619 N.W.2d at 770; *State v. Dickey*, 827 N.W.2d 792, 796 (Minn. App. 2013). The evidence of appellant's constructive possession on December 18 is circumstantial. The circumstances proved are that methamphetamine was found in the motel room where, according to Fultz, appellant sold methamphetamine to Fultz on December 13, 2012. The

---

[2] The parties stipulated at trial that appellant was ineligible to possess a firearm. The only issue for the jury on that count was whether appellant constructively possessed the firearm found in the motel room.

jury found Fultz's testimony concerning the transaction to be true. The shotgun was found in what the record describes as the motel room's bedroom, where appellant and his girlfriend were spending nights. Appellant's name was on the registration card for the motel room and he made the original reservation. The motel manager made the room arrangements with appellant and his girlfriend. The manager had warned appellant and his girlfriend about the many visitors coming and going. Items identifying appellant were found in the room. Additional items were also found in the living room identifying four other people.

The second step of our analysis considers whether these circumstances are consistent with guilt and inconsistent with any other rational hypothesis. *Silvernail*, 831 N.W.2d at 599. The circumstances proved are certainly consistent with guilt. They prove that appellant exercised dominion and control over the shotgun found in his bedroom and the methamphetamine in the living room on December 18. Having found appellant guilty of the second-degree sale in the motel room, the jury believed that appellant was not only associated with the room on December 13, but he also was selling methamphetamine from that room. This leads to the inference that at least the methamphetamine in the room was under appellant's knowing dominion and control. And the shotgun, found in the bedroom, was circumstantially in the control of the person(s) sleeping there, appellant and his girlfriend.

Appellant argues there is a reasonable and alternative inference that he did not possess the methamphetamine or the shotgun because other people had access to the room, as evidenced by the documents and items with names of other individuals located

8

in the search.    A proffered rational alternative hypothesis must be supported by more than "mere conjecture" and must "point to evidence in the record that is consistent with" the theory. *State v. Tscheu*, 758 N.W.2d 849, 858 (Minn. 2008).  Here, the record contains no evidence that other people regularly resided in the room.  Instead, the evidence was that many visitors were coming and going, but appellant and his girlfriend were staying there.  It is not reasonable or rational to believe that visitors who were coming and going also would have left methamphetamine or a shotgun in the room.  No testimony or other evidence in the record suggests any such thing.  Having determined that appellant was selling methamphetamine from the motel room, the jury accepted as true beyond any reasonable doubt that appellant was dispensing drugs and visitors were carrying drugs with them out of the motel room.  The alternative inference advanced by appellant is "mere conjecture."  We therefore conclude that the circumstantial evidence of constructive possession is consistent with appellant's guilt and is not consistent with any alternative rational hypothesis.

     **Affirmed.**