*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1715**

State of Minnesota,
Respondent,

vs.

Mark Christian Anderson,
Appellant.

**Filed June 8, 2015
Affirmed
Toussaint, Judge***
**Dissenting, Cleary, Chief Judge**

Dakota County District Court
File No. 19HA-CR-13-3580

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney, Hastings, Minnesota (for respondent)

Brian P. Karalus, St. Paul, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Chutich, Judge; and Toussaint, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**TOUSSAINT**, Judge

Appellant Mark Anderson appeals from his conviction of fifth-degree possession of a controlled substance, asserting that the court erred by denying his motion to suppress evidence found in a search incident to his arrest. Because we conclude that the officers' observations constituted probable cause to arrest Anderson, we affirm.

## D E C I S I O N

The United States and Minnesota Constitutions guarantee individuals the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Warrantless searches are presumed unreasonable unless an established exception applies. *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716 (2009). One such exception is a search incident to a lawful arrest. *Id.* A warrantless arrest is lawful if it was supported by probable cause. *State v. Williams*, 794 N.W.2d 867, 871 (Minn. 2011). Whether there is probable cause for an arrest depends on findings of fact that this court reviews for clear error, but the existence of probable cause is ultimately a question of law to be reviewed de novo. *State v. Dickey*, 827 N.W.2d 792, 796 (Minn. App. 2013).

The existence of probable cause is an objective inquiry, which depends on the facts of each individual case. *Williams*, 794 N.W.2d at 871. "Probable cause to arrest exists when a person of ordinary care and prudence, viewing the totality of circumstances objectively, would entertain an honest and strong suspicion that a specific individual has committed a crime." *Id.* (emphasis omitted) (quotation omitted). "The 'honest and

strong suspicion standard' requires more than mere suspicion, but less than the evidence required for a conviction." *State v. Koppi*, 798 N.W.2d 358, 364 (Minn. 2011) (quotation marks omitted).

The totality of the circumstances includes the expertise and experience of the arresting police officers. *State v. Skoog*, 351 N.W.2d 380, 381 (Minn. App. 1984) (quotation omitted). "An officer may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person." *Id.* The mere fact that an innocent explanation exists to explain the circumstances justifying probable cause is not adequate to defeat probable cause. *State v. Hawkins*, 622 N.W.2d 576, 580 (Minn. App. 2001).

One police officer observed Anderson making two brief hand transactions over a period of approximately 15 minutes. Another officer saw the second transaction. As a result, the officers arrested Anderson by parking him in with their cars, taking the key from his motorcycle, physically restraining him, bringing him to the ground, and handcuffing him. *See State v. Lohnes*, 344 N.W.2d 605, 610 (Minn. 1984) ("An arrest takes place when officers restrain a suspect's liberty of movement."). After arresting Anderson, the police searched him and recovered illegal drugs.

Both officers had considerable experience conducting drug surveillance. The pattern of Anderson's transactions was consistent with the officers' experience with typical drug transactions. The officers' observations of the transactions are more significant than the fact that the officers could not see what was exchanged in the transactions. *See Hawkins*, 622 N.W.2d at 578 (holding that probable cause was present

even where arresting officer "could not see whether Hawkins had anything in his hand or whether anything was exchanged.").

We conclude that the officers' observations were adequate to raise an honest and strong suspicion that Anderson had committed a crime. Because the officers had probable cause to arrest Anderson and the search incident to arrest was valid, the district court did not err by denying Anderson's motion to suppress evidence.

**Affirmed.**

4

**CLEARY,** Chief Judge (dissenting)

I respectfully dissent from the decision of the majority. The probable cause standard requires an honest and strong suspicion, not a mere suspicion. While the observation of two transactions in fifteen minutes might give an experienced officer a hunch regarding illegal activity, I would hold that this hunch does not rise to the level of an honest and strong suspicion.

Precedent confirms that a finding of probable cause requires more than brief observations of two potentially illegal transactions. In *State v. Hawkins*, 622 N.W.2d 576, 581 (Minn. App. 2001), this court concluded there was probable cause where officers saw the appellant making several brief hand-to-hand transactions at 1:40 a.m. and officers also saw the appellant actively attempting to get attention from passing cars. In *State v. Smith*, 476 N.W.2d 511, 512 (Minn. 1991), the supreme court concluded that probable cause was present where officers saw the appellant make at least six brief transactions over a period of thirty minutes.

In comparison to *Hawkins* and *Smith*, the circumstances surrounding appellant's arrest notably lacked other typical indicators of illegal activity, and the officers' observations were relatively brief. Here, the transactions did not occur in the middle of the night and the appellant was not actively soliciting transactions, attempting to get the attention of others, or acting as a lookout. He was not in a known high-crime area and not in proximity to known criminals, nor did the officers have any prior knowledge of appellant. The officers did not observe any illegal substance, any money, or any other item being exchanged. The lack of any corroborating circumstances leads me to

conclude that the officers' observations of two brief transactions did not constitute adequate probable cause to justify the seizure, take down, and warrantless arrest of the appellant. I would reverse the court's determination that the officers had probable cause to arrest appellant and grant appellant's motion to suppress the evidence seized.